UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 6:21-CR-46-CHB-HAI |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ERNIE R. BRATCHER, ) | RECOMMENDED DISPOSITION |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 19, 2022, the Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d).[1]  D.E. 41.  The hearing followed a sealed motion for a competency evaluation made by Defendant's attorney on January 26, 2022.  D.E. 28.  The Court granted the motion, ordered an evaluation in a custodial setting, and Defendant was remanded to the custody of the United States Marshal.  D.E. 31.  The Court, upon the required findings, ordered the psychiatric or psychological examination pursuant to 18 U.S.C. § 4241(b).  D.E. 33.

The Court ordered the examination to be performed at the Federal Medical Center in Lexington, Kentucky.  D.E. 33.  All parties had access to the Forensic Report ("the Report") prepared by Dr. Kristen Schramm, Psy.D.  D.E. 40.  In the Report, Dr. Schramm opined that Defendant is competent for trial purposes.  *Id*. at 9-10.  After receipt of the Report and Defendant's return to the District, the Court conducted a final hearing on competency on April 19, 2022.  D.E. 39.  During the final competency hearing, the parties stipulated to the admissibility of the Report, Dr. Schramm's qualifications, and the Report's findings.  The parties

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

also waived introduction of other proof of argument and waived the right to examine or cross-examine Dr. Schramm.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

2

burden, in competency context, only matters in a "narrow class" of cases where the proof is "in equipoise").

Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Schramm. The Report reflects personal observation, a review of Defendant's available medical history and status, several hours of telephone calls Defendant made during the examination period, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Schramm directly observed Defendant via interviews and subjected him to psychological testing. D.E. 40. Dr. Schramm also contacted defense counsel and counsel for the government. *Id.* at 3. The evaluator secured and reviewed some legal documents, including Defendant's criminal history, discovery materials provided by the government, and the Indictment. *Id*.

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. According to the Report, Defendant indicated that he suffers from nightmares, ADHD, and anxiety, for which he was previously prescribed medication. D.E. 39 at 4. Defendant also indicated that he struggles to remember things after a motor vehicle accident in May 2021. *Id.* During the course of the evaluation, Defendant was diagnosed and treated for "pain, unspecified and gastro-esophageal reflux disease with esophagitis, without bleeding." *Id.* at 5. Defendant was also diagnosed with stimulant use disorder, amphetamine-type substance, severe, in a controlled environment. *Id.* at 9. The Report also indicates that the previously prescribed medications were discontinued due to Defendant reporting that they made him feel "worse" and his refusal to take them. *Id.* at 6.

3

As to the stimulant use disorder diagnosis, the Report indicates that Defendant has a lengthy history of methamphetamine use and a high risk of relapse exists without treatment. *Id.* at 9. Further, the Report states that stimulant use may resemble primary mental disorders and that withdrawal from stimulants are linked to "intense depressive symptoms, suicidal ideation, irritability, anhedonia, emotional lability, and disturbances in attention and concentration." *Id.*

Due to reports from Defendant and defense counsel and the May 2021 motor vehicle accident, the Report indicates that a diagnosis of mild neurocognitive disorder ("NCD") due to traumatic brain injury ("TBI") was considered. *Id.* at 9. Defendant reported difficulties with recall and concentration. *Id.* at 10. However, such a diagnosis was not assigned due to a lack of records prior to and after the May 2021 accident and the examiner "finding no evidence of deficits that are typically found in individuals with mild NCD due to TBI." *Id.* Rather, the Report states that Defendant "did not evidence significant difficulty recalling recent events [or] appear to rely on compensatory strategies" and also notes that "reminders were not necessary in order [for him] to recall and track information." *Id.* The examiner did not observe Defendant having any difficulty with concentrating, despite his reports to the contrary. *Id.* Further, psychological testing indicated over-reporting of psychopathology. *Id.* Thus, the Report concludes that a diagnosis of mild NCD due to TBI was not assigned and that any disturbance in concentration may be attributable to the long-term effects of methamphetamine use. *Id.*

Overall, the Report includes a thorough assessment of these past and present diagnoses, as well as Defendant's medical history and relevant personal circumstances. The Report indicates that Defendant "evidenced the ability during the course of the evaluation of learn and

retain information" and that his "presentation remained stable throughout the evaluation period." D.E. 40 at 10.

The evaluator also found that Defendant had an adequate understanding of the court proceedings and an adequate ability to assist defense counsel. D.E. 40 at 7-9. The Report reflects that Defendant identified and provided basic descriptions of the roles and functions courtroom participants, plea options, appropriate courtroom behavior and the offense charged in the Indictment. *Id.* at 7-8. Defendant "expressed a realistic understanding of the legal process and his pending legal circumstances; and expressed his thoughts in a clear, coherent, and rational manner." *Id.* at 8. Further, Defendant "exhibited the ability to disclose relevant information to his attorney, consider various pleas and courses of action, provide relevant testimony if necessary, and make decisions following consultations with his attorney." *Id.*

In conclusion, the evaluator found that Defendant "is not currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense." *Id.* at 11. In total, the Report indicates that Defendant is competent to proceed.

Dr. Schramm accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. D.E. 40 at 11. Dr. Schramm elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. *Id*. at 7-8. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for Defendant, Hon. Eric Edwards. Mr. Edwards indicated that Defendant seemed to understand the contents of the Report and their interactions were consistent the evaluator's assessment and conclusions.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Any objection must be filed within **THREE DAYS** of the entry of this recommendation. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that three-day period, this matter will be submitted to Judge Boom for her consideration and to address the procedural posture.

This the 22nd day of April, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge